IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY DONNELL CRAWFORD, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-CV-662-N |
| | § | |
| C.W. HARMON, ET AL., | § | |
| Defendants. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendants are C.W. Harmon, prosecutors Warren Abrams and NFN Oliver, defense attorneys Whitfield Scott and Renie McCulian, and Judge Richard Mays. The Court has not issued process pending judicial screening.

Plaintiff claims that in September, 1988, he was wrongfully convicted of aggravated robbery with bodily injury. He claims witness C.W. Harmon gave false testimony against him, and that prosecutor Oliver elicited hearsay testimony. He alleges defense attorney Whitfield Scott, the prosecutors, and the judge held an improper off-the-record conversation during trial, that defense attorney Renie McCulian filed an *Anders* brief, and that all defendants conspired to

unlawfully convict him.  Plaintiff seeks $2.6 million in damages and a reversal of his conviction.

## II.     Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

## III.    Discussion

### 1.     Statute of Limitations

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of

limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Plaintiff states Defendants conspired to wrongfully convict him in September, 1988. His claims occurred more than two years prior to Plaintiff filing the instant complaint, and Plaintiff has allege no facts entitling him to equitable tolling. The claims are therefore barred by the statute of limitations and should be dismissed.

**2.    Immunity**

Plaintiff filed this complaint against the judge and prosecutors from his criminal trial. All of his claims involve the defendants' actions in his criminal case. Judges and prosecutors, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Plaintiff's claims against Judge Richard Mays and prosecutors Warren Abrams and NFN Oliver should be dismissed.

**3.    Color of Law**

Plaintiff also names his defense attorneys and a witness from his trial as defendants. To obtain relief under 42 U.S.C. § 1983, however, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S.

42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show that witness C.W. Harmon acted under color of state law. Further, defense attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). Plaintiff's claims against Defendants C. W. Harmon, Whitfield Scott, and Renie McCulian should be dismissed.

### IV. Recommendation

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 19th day of July, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).